## Samuel McCarty

*v.*

## Gideon Marlette *et al.*

1. CHANCERY—*rescission of contract for fraud—laches.* The doctrine is well settled in this court, that unreasonable delay in commencing proceedings to rescind a contract on the ground of fraud, will prevent relief in a court of equity.

2. Where a party is induced to sell and convey land, and to take in payment the transfer, by delivery only, of notes on an insolvent person through the fraud of the purchaser, in August, 1858, and he discovers the inability of the maker of the notes to pay the same, and the residence of the purchaser in the fall of 1858, and brings no suit to rescind the sale until in 1865, his *laches* will be so unreasonable as to deprive him of equitable relief.

APPEAL from the Circuit Court of Kane county; the Hon. HIRAM H. CODY, Judge, presiding.

This was a bill in chancery, by Samuel McCarty against Gideon Marlette, Sarah M. Marlette, James West, and Jennie Marlette, to set aside the sale and conveyance by complainant to Gideon Marlette of certain real estate in the city of Aurora, in this State, on the ground of fraud. The court below dismissed the bill.

Messrs. Brown & Southworth, for the appellant.

Mr. R. G. Montony, for the appellees.

Mr. Justice Breese delivered the opinion of the Court:

This is an appeal from the chancery side of the circuit court of Kane county, in proceedings therein commenced by Samuel McCarty against Gideon Marlette and others, praying an injunction and for general relief, alleging fraud by defendants in a sale of a lot of land in the town of Aurora, the fraud consisting in the transfer, by delivery, of certain notes by defendants to complainant, as the purchase price of the lot, and praying further that the sale be set aside.

The court dismissed the bill, and on this appeal by complainant we have considered it necessary to notice only the defense set up by the defendants in their answer to the bill. That defense was *laches* on the part of complainant.

It appears the sale of the lot was made to defendant Gideon Marlette by complainant in August, 1858, and the notes of Abram Davis delivered at the same time in full payment thereof. When the first note fell due, some time in the latter part of 1858, complainant called on the maker, who resided at Chicago, and demanded payment, which was refused. When the second note became due, some three months thereafter, he again called on the maker, who refused payment on the ground that he had no property. At this interview Davis told complainant where Gideon Marlette lived.

It was then in the power of complainant to commence proceedings against Marlette to cancel the sale, as constructive notice to him could have been had by publication, and Marlette placed *in statu quo* by a surrender to him of the notes.

This, complainant did not do, delaying to commence proceedings for such purpose until 1865, nearly six years thereafter, and in the meantime suing Davis upon the notes to judgment. The fact of Davis' inability to pay the notes was as apparent in 1858 as it was when this action was commenced, and the doctrine is well established in this court, that unreasonable

delay in commencing proceedings to rescind a contract on the ground of fraud, will prevent relief in a court of equity. *Cox v. Montgomery,* 36 Ill. 396.

The excuse for the delay, that complainant did not know where to find Marlette, so that an action might be brought against him so soon as Davis' inability to pay the notes was discovered, does not seem to be valid, as the fact of his residence at Syracuse, in the State of New York, was communicated to complainant by Davis in the fall of 1858.

After the discovery of the alleged fraud in passing these notes upon him, complainant affirmed the contract by suing the notes. He should at once have commenced proceedings to set aside the contract.

We think the *laches* of complainant was inexcusable, and the circuit court decided properly in dismissing the bill, and we affirm the decree.

*Decree affirmed.*